**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  Case No. 04-CR-117

CAROL A. GRAHAM a/k/a CAROL GRAHAM-HAYES
and ELIJAH HAYES,

    Defendants.

## RECOMMENDATION TO
## UNITED STATES DISTRICT JUDGE J. P. STADTMUELLER

Defendant Elijah Hayes filed a pro se "Ex parte Application for Leave of Court to Dismiss Indictment with Prejudice pursuant to Fed. R. Civ. P. 48(b)(1)(3)." (Docket #116).[1] In his declaration, defendant Hayes recounts the dismissal of an indictment against him and his wife, defendant Carol Graham-Hayes, in the Central District of California, the revocation of their supervised release and the return of a new indictment in the Eastern District of Wisconsin in May 2004.

Although not entirely clear, it appears that defendant Hayes' is contending that since the current indictment is related to the dismissal of the indictment against him and defendant Graham-Hayes, any period of delay should be calculated from the time of the California

---

[1] Defendant Hayes filed the application on behalf of himself and his wife. On March 14, 2005, this court recommended that United States District Judge J. P. Stadtmueller enter an order denying the motion to dismiss with respect to defendant Carol Graham-Hayes.

case. In addition, he contends that the government delayed in presenting an indictment to the grand jury. He also asserts that the government's failure to provide discovery contributed to the delay in bringing him to trial. The government opposes the motion.

A review of the background and procedural history of this case is helpful to a resolution of the pending issue. On May 18, 2004, a federal grand jury returned a six-count indictment against defendants, Elijah Hayes[2] and Carol Graham-Hayes. The defendant was arraigned on this indictment on June 25, 2004, and entered a plea of not guilty. Attorney Laurence M. Moon was appointed to represent the defendant.

By letter filed July 20, 2004, the plaintiff requested the appointment of new counsel. The court held a hearing on the defendant's request on August 8, 2004. Upon consideration of the defendant's request, the court appointed new counsel for him. Based on this change in counsel, the scheduling order was amended to allow additional time for the filing of pretrial motions.

On August 12, 2004, the government filed a motion for a protective order to regulate the dissemination of discovery materials. The order was signed by the court on August 16, 2004. Under the terms of the order, the government agreed to provide counsel for each defendant with a redacted copy of the discovery materials in this case. Counsel was permitted to discuss the discovery materials with their respective clients and show them the unredacted documents. Because the discovery materials contained personal and financial information about third parties, including social security numbers, bank account numbers, and other information, counsel was precluded from providing a physical copy of the

---

[2]For purposes of this decision and order, defendant Elijah Hayes will be referred to as the defendant since he has filed this motion.

- 2 -

discovery materials to their clients. However, the government prepared a second version of the discovery materials which had been redacted to mask personal and financial information. The redacted discovery was delivered to the respective institutions where the defendants were held pending trial.

On August 19, 2004, the defendant filed a motion to adjourn the final pretrial and the jury trial. The defendant's co-defendant filed a similar motion to adjourn the trial, as well as a motion for an extension of time to file pretrial motions. The court held a telephonic scheduling order on September 8, 2004, in response to these motions. The court entered a new scheduling order for the filing of pretrial motions, which was memorialized in an amended scheduling order entered on September 14, 2004. Pursuant to the order, all pretrial motions were to be filed on or before November 15, 2004.

On September 23, 2004, a superseding indictment was returned against the defendants. The indictment added sentencing allegations. The defendants were subsequently arraigned on the superseding indictment. On November 21, 2004, the defendant, who was represented by Attorney Robert Lerner, filed a pro se letter with the court stating that he had not received discovery. A copy of the letter was forwarded to his attorney. In a telephone conference on November 8, 2004, the court ordered the government to provide the defendants with all pages of redacted discovery materials that had been provided to counsel. In addition, the pretrial motions schedule was again amended to provide that all motions were to be filed by December 1, 2004. Both defendants were represented by counsel at this time.

On November 15, 2004, the defendants filed a pro se motion to suppress evidence and a motion for discovery. Defendant Carol Graham-Hayes filed a separate motion to

suppress evidence on the same day.  Subsequently, on November 23, 2004, defendant Hayes filed a pro se motion for discovery.  On November 24, 2004, the court entered an order denying the defendants' pro se discovery motions and recommending that the district court deny the defendants' motion to suppress because the defendants were represented by counsel.

In a letter from the defendant dated November 22, 2004, he asked the court to remove his current attorney as his counsel.  He indicated in his letter that he desired to have access to the "unedited" discovery, but did not reference the court's protective order which permitted his counsel to discuss and display the unredacted materials to him.

On November 30, 2004, the defendant filed a pro se motion to dismiss the sentencing allegations in the indictment and a letter requesting access to an "unedited copy" of the discovery, as well as time to file other pretrial motions.  By margin order of December 1, 2004, the court recommended that the United States district judge deny the defendant's pro se motion because he continued to be represented by counsel.

On November 30, 2004, counsel for the defendant filed a motion for discovery, a motion for extension of time to file additional motions and a motion to suppress evidence. On December 1, 2004, counsel for defendant Graham-Hayes filed a motion to dismiss Count Four of the superseding indictment.

On December 10, 2004, the court held a hearing on the defendant's request to have his attorney removed as his counsel.  The court granted his request and appointed new counsel.  Because of the change in representation, the court granted an extension to December 29, 2004, for the government to respond to the defendants' pending motions. The government was also ordered to draft a protective order for discovery materials by

December 21, 2004. Subsequently, the court denied without prejudice defendant Hayes' motion for an extension of time to file additional motions.

On December 30, 2004, the defendant's newly-appointed counsel, Attorney Michael Holzman, filed a response to the government's position on discovery and a motion to adopt the motion to dismiss filed by defendant Graham-Hayes. About three weeks after new counsel was appointed for the defendant, the defendant filed a letter requesting that his attorney be removed as counsel in this case. He also requested an opportunity to file additional pretrial motions. Shortly thereafter, Attorney Holzman filed a motion to withdraw. By letter filed January 26, 2005, defendant Graham-Hayes requested that the court appoint new counsel to represent her. On January 27, 2005, the defendant filed a letter requesting assistance with subpoenas.

On January 28, 2005, the court held a hearing with respect to the defendant's request to represent himself. After attempting to dissuade the defendant from self-representation, the court granted the defendant's request to represent himself and appointed Attorney Holzman to act as standby counsel. Various discovery issues, including the redaction of discovery provided to the defendant, were discussed at the hearing and an order addressing these concerns was entered by the court. The court's decision was memorialized in a written order issued the same day.

On February 1, 2005, the federal grand jury returned a second superceding indictment against the defendants. The second superseding indictment corrected an omission in Count Four of the indictment and deleted the sentencing allegations.

On February 2, 2005, the defendant filed a motion for extension of time to file additional pretrial motions. On the same day, defendant Graham-Hayes was arraigned on

the second superseding indictment. At that proceeding, the court granted defendant Graham-Hayes' request to have new counsel appointed to represent her. The defendant was arraigned on the second superseding indictment on February 9, 2005.

On February 15, 2005, the government responded to the defendant's January 30, 2005, letter in which he requested modified, redacted discovery materials since he was now representing himself. The government indicated it would be providing a modified version of the records that were requested with only limited redactions. By letter filed February 22, 2005, the defendant questioned the government's statement that it would not provide certain records because they fell outside of the material necessarily included in the government's open-file policy.

The following day, February 23, 2005, the defendant filed an <u>ex parte</u> motion to dismiss the indictment with prejudice pursuant to Rule 48(b)(1)(3) of the Federal Rules of Civil Procedure. On March 8, 2005, the government filed a response to the defendant's motion to dismiss.

On March 11, 2005, the court held a status conference with the defendants and addressed discovery issues and other matters. An evidentiary hearing on the defendants' motions to suppress was set for April 14, 2005. The hearing was continued on April 15, 2005, and at the request of defendant Graham-Hayes, the evidentiary hearing was continued to April 27, 2005.

Prior to the evidentiary hearing, on April 12, 2005, the defendant filed a <u>pro se</u> motion for disclosure of grand jury matters. The government filed a response to that motion on April 14, 2005. By decision and order on May 3, 2005, the court denied the defendant's motion for disclosure of grand jury matters.

- 6 -

Case 2:04-cr-00117-JPS   Filed 05/13/05   Page 6 of 12   Document 151

## ANALYSIS

Rule 48(b) of the Federal Rules of Criminal Procedure provides in relevant part:

> (b) **By the Court**. The court may dismiss an indictment . . . if unnecessary delay occurs in:
> (1) presenting a charge to the grand jury;
>     . . .
> (3) bringing a defendant to trial.

The Advisory Committee notes to the rule state: "This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution." (Advisory Committee Note to Subdivision (b), 1944 Adoption).

Rule 48(b)(1) of the Federal Rules of Criminal Procedure allows the court to dismiss an indictment if an unnecessary delay occurs in presenting a charge to the grand jury. The defendant apparently is claiming that the government delayed in presenting the charges to the grand jury until he had nearly completed the sentence he received after his term of supervised release in Case No. 95-CR-179 was revoked. Federal Rule of Criminal Procedure 48(b) "'is limited to post-arrest situations.'" See United States v. Rein, 848 F.2d 777, 780 n.2 (7th Cir. 1988) (quoting United States v. Marion, 404 U.S. 307, 319 [1971]). The defendant cites no case law in support of his contention that the government unnecessarily delayed in presenting the charges to the grand jury.

To the extent that the defendant is contending that the government delayed in charging him in this case, such a claim must be brought under the due process clause of the Fifth Amendment. In United States v. Ashford, 924 F.2d 1416, 1419-20 (7th Cir. 1991), the Court of Appeals for the Seventh Circuit summarized the law regarding dismissal of indictments due to pre-indictment delay:

> While "[t]he statute of limitations is the primary safeguard of a right to a timely indictment," United States v. Carmany, 901 F.2d 76, 78 (7th Cir. 1990), a defendant who complains that the government waited too long to bring his or her indictment is not bereft of constitutional protection. Rather, as the Supreme Court held in United States v. Lovasco, "the Due Process Clause has a limited role to play in protecting against oppressive delay." 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977). To successfully advance a claim that pre-indictment delay violated due process, a defendant must "'prove that the delay caused actual and substantial prejudice to his or her fair trial rights and that the government delayed indictment for tactical advantage or some other impermissible reason.'" United States v. Chappell, 854 F.2d 190, 195 (7th Cir. 1988) (quoting United States v. Watkins, 709 F.2d 475, 479 (7th Cir. 1983)).

See also, United States v. Nichols, 937 F.2d 1257, 1260 (7th Cir. 1991). The defendant has the burden of showing actual and substantial prejudice. See United States v. Fuesting, 845 F.2d 664, 669 (7th Cir. 1988). The allegations of prejudice must be specific, concrete, and supported by evidence – vague, speculative, or conclusory allegations will not suffice. Id. (citations omitted); Nichols, 937 F.2d at 1261. "The actual prejudice to the defendant . . . must be so substantial as to outweigh the preferable deference to legitimate prosecutorial priorities and bureaucratic reality." United States v. Williams, 738 F.2d 172, 175 n.2 (7th Cir. 1984).

The defendant has not attempted to show actual and substantial prejudice. Moreover, there is no evidence that the government delayed the indictment for a tactical advantage. Waiting until the defendant completed a prior sentence to charge him is not improper. See United States v. Koller, 956 F.2d 1408, 1415 (7th Cir. 1992).

Furthermore, it is well established that prosecutors are under no duty to file charges as soon as probable cause exists. See Fuesting, 845 F.2d at 669; United States v. Wehling, 676 F.2d 1053, 1060 (5th Cir. 1982). The mere passage of time is not enough to constitute substantial prejudice. Nichols, 937 F.2d at 1260 (nine-month delay until arrest and eleven

- 8 -

Case 2:04-cr-00117-JPS   Filed 05/13/05   Page 8 of 12   Document 151

months until superseding indictment); Ashford, 924 F.2d at 1419 (four year delay); United States v. Brock, 782 F.2d 1442 (7th Cir. 1986) (delay of more than four years); Williams, 738 F.2d at 172 (four-year delay); United States v. Watkins, 709 F.2d 475, 479 (7th Cir. 1983) (sixteen-month delay); United States v. Solomon, 688 F.2d 1171, 1179-80 (7th Cir. 1982) (delay of more than three years).

In light of the foregoing, the defendant has not established grounds to dismiss the indictment based on a pre-indictment delay. Accordingly, it is recommended that the defendant's motion to dismiss the indictment pursuant to Rule 48(b)(1) be denied.

The defendant also brought his motion pursuant to Rule 48(b)(3) of the Federal Rules of Criminal Procedure. Rule 48(b)(3) allows the court to dismiss an indictment if unnecessary delay occurs in bringing a defendant to trial. "Rule 48 'is not circumscribed by the Sixth Amendment,' however, . . . it is driven 'by the same general considerations as the Sixth Amendment.'" United States v. Ward, 211 F.3d 356, 361-62 (7th Cir. 2000). Accordingly, the delay must be purposeful or oppressive. Id. at 362; see also, United States v. Sears, Roebuck & Co., Inc., 877 F.2d 734, 739 (9th Cir. 1989) ("In general dismissal under Rule 48(b) is appropriate only where there is delay that is purposeful or oppressive." [internal quotations and citations omitted]).

In this case, as evidenced by the review of the procedural history, the delays that have occurred in bringing the defendant to trial were mainly caused by the defendant's multiple requests for a change in his appointed counsel which eventually resulted in his decision to represent himself. His co-defendant also requested and was granted new appointed counsel. Additional delays resulted from the extensions of time granted for new counsel to file pretrial motions. The pretrial motions filed by the defendant, including several

- 9 -

pro se motions filed while he was represented by counsel, contributed to the delay in resolving this case.

To the extent that the defendant is claiming that the delay in bringing his case to trial is to be measured from the date of the California indictment, the defendant is incorrect. The indictment in California was dismissed. Although the California charges are factually related to the indictment in this case, none of the charges are based on the identical conduct. The only federal crime charged in both indictments, 18 U.S.C. § 1029(a)(3), is based on two different events occurring eight months apart.

Finally, the defendant asserts that the delay in bringing him to trial is caused by the government's failure to provide discovery to the defendant or to respond to his requests for information. Rule 16 of the Federal Rules of Criminal Procedure provides a statutory framework for discovery in criminal cases. In addition, the due process clause requires the government to disclose evidence favorable to the defendant where the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). Contrary to the defendant's belief, not all discovery is available to him.

The government has provided the defendant with adequate discovery in this case pursuant to its open-file policy. See Criminal Local Rule 16.1(b) (E.D. Wis.). The government provided the defendant's former counsel with an unredacted version of the discovery materials that were then available. Pursuant to the court's order, counsel was permitted to discuss and show the materials to the defendant. Given the personal nature of some of the information, including social security numbers and credit card numbers, counsel was not allowed to provide a physical copy of the unredacted version of the discovery to the defendant. However, the government provided a redacted version to the

defendant. After the defendant decided to represent himself, the government provided additional versions of the discovery materials which contained only limited redactions. Although the defendant maintains that he is lacking certain discovery documents, the government has advised the defendant, both in writing and at the court hearings held to discuss discovery issues, that it has provided all documents required under its open-file policy. The government also has repeatedly stated that it has searched for other documents requested by the defendant and it does not have such documents.

Therefore, based on the foregoing, the court finds that the defendant has presented no evidence of purposeful or oppressive delay by the government. The defendant has been provided with relevant discovery pursuant to the government's open-file policy. Accordingly, it is recommended that the defendant's motion to dismiss the indictment pursuant to Rule 48(b)(3) be denied. See Ward, 211 F.3d at 362.

## CONCLUSION

**NOW, THEREFORE, IT IS RECOMMENDED** that the defendant's "Ex parte Application for Leave of Court to Dismiss Indictment with Prejudice pursuant to Fed. R. Civ. P. 48(b)(1)(3)" be **denied**. (Docket #116).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objection to the recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the

chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2005.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge